UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MENA JABEEN,

    Movant,

v.

                                     **No. 4:24-cv-0660-P**
                                  **(No. 4:23-cr-0028-P)**

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Mena Jabeen pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On February 8, 2023, Movant was named in an information charging her in count one with making a false statement in an application for a passport, in violation of 18 U.S.C. §§ 1542 and 2. CR ECF No.[1] 1. Movant retained an attorney to represent her. CR ECF No. 3. Movant and her counsel signed a waiver of indictment, CR ECF No. 19, a plea agreement, CR ECF No. 20, and a factual resume. CR ECF No. 22. The factual resume set forth the penalties Movant faced, the elements of the offense charged, and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement reflected that Movant agreed to plead guilty to the offense charged and that the government agreed not to bring any additional charges against Movant based on the conduct underlying and related to the plea of guilty. CR ECF No. 20. It also set forth the maximum penalties Movant faced, explained the Court's sentencing discretion and role of the guidelines, reflected that

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-cr-0028-P.

the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived her right to appeal or otherwise challenge her sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's representation. *Id.*

Movant testified under oath at arraignment that: she had discussed with counsel the charge against her, the matter of sentencing, and how the sentencing guidelines might apply; she was of sound mind and fully understood what she was doing; she had read and understood the information; she had committed all of the essential elements of the offense; she had discussed with counsel the charge, the issue of punishment, and how the sentencing guidelines might apply, and was fully satisfied with the representation she had received; she had read and understood the plea agreement, including the waiver of right to appeal, before she signed it; she discussed the waiver of right to appeal with counsel and knowingly and voluntarily waived her right to appeal as set forth in the plea agreement; she knowingly and voluntarily entered into the plea agreement; no one had made any threats, promises, or assurances to induce her to plead guilty; she understood that she faced a term of imprisonment not to exceed ten years; and, she had read and understood the factual resume before signing it and all the facts stated in it were true and correct. CR ECF No. 97.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 8. CR ECF No. 33, ¶ 20. She received a two-level adjustment for acceptance of responsibility. *Id.* Based on a total offense level of 6 and a criminal history category of I, her guideline imprisonment range was 0 to 6 months. *Id.* ¶ 54. She filed a sentencing memorandum showing how her medical conditions and personal life warranted a sentence at the bottom of the guideline range. CR ECF No. 42. The government did not oppose the request for a sentence of probation. CR ECF No. 45.

At sentencing, the Court noted that Movant's motions to withdraw her guilty plea and for appointment of new counsel had been considered and denied by the United States Magistrate Judge and that the Court

adopted the findings. CR ECF No. 99 at 3–4. In allocution, Movant simply stated that she was sorry for the situation and would let counsel speak for her. *Id.* at 6. The Court sentenced Movant to a three-year term of probation. *Id.* at 8; CR ECF No. 66. She appealed, CR ECF No. 72, despite having waived the right to do so. CR ECF No. 20, ¶ 12. Counsel filed a motion to withdraw, CR ECF No. 75, which was granted, CR ECF No. 83, and another attorney was appointed to represent Movant on appeal. CR ECF No. 89. The appellate attorney filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Jabeen*, No. 23-10642, 2024 WL 415463 (5th Cir. Feb. 5, 2024).

## GROUND OF THE MOTION

Movant filed a purported petition under 28 U.S.C. § 2241, ECF No.[2] 1, which the Court cautioned would be construed as a motion under 28 U.S.C. § 2255 unless Movant withdrew the filing. ECF No. 5. Movant did not withdraw or amend the motion as ordered, so the action proceeded. ECF No. 6. Movant filed a document titled "Amended Complaint," ECF No. 8, which appears to be an amended motion. She also filed a motion for new trial, ECF No. 15, which the Court interpreted as part of her motion under § 2255. ECF No. 16. Movant asserts one ground in support of her motion. She alleges that she received ineffective assistance of counsel.

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory

allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant's allegations are largely conclusory and unsupported. The only allegation supported by declaration is that Movant's counsel lied to her and told her to pay more money or she could not go to trial. ECF No. 1 at 6. Movant claims that she wanted to go to trial but was denied that right. The record reflects otherwise.

At arraignment, Movant testified under oath to the matters set forth *supra*. In addition, she testified that: She understood that, if she pled not guilty, the Constitution guaranteed her the right to a speedy and public trial by jury and to the appointment of an attorney if necessary. CR ECF No. 97 at 24–25. She also understood that she could not plead guilty unless she was actually guilty of the crime charged and that her plea must be purely voluntary and made only because she was guilty and for no other reason. *Id.* at 26–27. Her solemn declarations in open court, admitting among other things that she understood the penalties she faced, that her plea was knowing and voluntary, and that she was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant's plea agreement, CR ECF No. 20, and factual resume, CR ECF No. 22, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). She has not produced any independent indicia of the likely merit of any of her allegations to refute her sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A court should not upset a plea solely because of *post hoc* assertions from a defendant as to how she would have pleaded but for her attorney's alleged deficiencies. Instead, courts look to contemporaneous evidence to substantiate a defendant's expressed preferences. *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant fails to cite any contemporaneous evidence to show that she would have insisted on going to trial absent counsel's alleged deficiencies, probably because there is none. Movant's solemn declarations in open court establish her

mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). She was fully competent, understood what she was doing, understood the penalties she faced, and voluntarily entered her plea of guilty because she was guilty.

After she entered her guilty plea and before sentencing, Movant filed a single-page form motion for the appointment of counsel providing no reason for the request or any financial information to support it. CR ECF No. 46. Counsel filed a motion to withdraw noting that Movant insisted upon pursuing a course of action that counsel considered imprudent and felt that there was no legal basis to pursue. CR ECF No. 49. The Court referred the motions (and similar motions filed by Movant's son and co-defendant) to the United States Magistrate Judge, CR ECF No. 50, who set them for hearing. CR ECF No. 51. At the hearing, counsel for Movant explained that Movant wanted to withdraw her plea and that counsel told Movant the request would be frivolous. CR ECF No. 95 at 5. All Movant could say in support of the request was that she had "a lot of . . .issues [including] Parkinson's." *Id.* at 8. The Magistrate Judge admonished her that she was playing an extremely dangerous game and that there was no reason to set aside the guilty plea or to appoint new counsel. *Id.* at 10. Further, if Movant wanted to retain new counsel, she could do so, but she was not entitled to court-appointed counsel according to the financial information she had provided. *Id.* at 10–11.

Movant alleges that the Court denied her the right to competent counsel, which led to an unjust outcome. ECF No. 15 at 4. Movant waived the right to bring this claim. CR ECF No. 20, ¶ 12. Her waiver was knowing, voluntary, and intelligent, and is enforceable. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). And, it is procedurally barred as habeas review is not a substitute for appeal. *Shaid*, 937 F.2d at 231. The ground is frivolous in any event. Thanks to counsel's excellent work, Movant received a sentence of probation despite the Court's serious misgivings.

After the government filed its response to her § 2255 motion, Movant sought an extension of time to reply, ECF No. 20, but also filed a reply, ECF No. 21, and supporting appendix. ECF No. 22. The Court is not

considering any new issues raised in the reply. *See, e.g.*, ECF No. 21 at 2–3. *Cervantes*, 132 F.3d at 1111 (movant has no right to amend without leave after the government files its response to a § 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered). The Court is not granting Movant any additional time to file a reply. Pursuant to the Order & Instructions to Parties in a Motion Under 28 U.S.C. § 2255, Movant had thirty days from the filing of the response in which to file a reply of not more than ten pages. ECF No. 6. She chose to file her reply the day after the response was filed. The Court has no reason to believe that Movant could come forward with any nonfrivolous reply if given any extension of time.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**. The motion for extension of time to file reply is likewise **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **11th day of December 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE